**Raymond Edward MIDDLETON,
Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Superintendent, Oregon
State Penitentiary,
Respondent-Appellee.**

No. 84–4100.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1985.

Decided Aug. 14, 1985.

Steven T. Wax, Federal Public Defender, Portland, Or., for petitioner-appellant.

Brenda J. Peterson, James E. Mountain, Jr., Salem, Or., for respondent-appellee.

Before WALLACE and SNEED, Circuit Judges, and LEGGE,* District Judge.

WALLACE, Circuit Judge:

Middleton appeals from a dismissal by the district court of his habeas corpus petition. He argues that the state trial court violated his fourteenth amendment right to due process by allowing the prosecution to elicit certain testimony about a polygraph and by instructing the jury to disregard expert testimony if "any" of the facts relied upon by the expert had not been established. The district court had jurisdiction under 28 U.S.C. § 2241(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I

This case began in 1975 when Middleton and his friend, Shaw, spent the day drinking alcoholic beverages. *State v. Middleton*, 295 Or. 485, 487, 668 P.2d 371, 372 (1983). Late in the night, they robbed two convenience stores and left behind a store clerk who eventually died from head injuries. *Id.* The police arrested Middleton and Shaw on a tip from one of Middleton's relatives, who reported that Middleton had admitted to having beaten the clerk with a baseball bat. *Id.* Upon questioning, Shaw

* Honorable Charles A. Legge, United States District Judge, Northern District of California, sitting by designation.

initially stated that he had not seen Middleton strike the clerk. *Id.* Later, however, he entered a plea agreement with the state and testified to the opposite effect at trial, having previously passed a polygraph test as he recited his revised version. *Id.*

Middleton did not deny that he had robbed the stores or that he had assaulted the clerk. *Id.* at 492, 668 P.2d at 375. He relied on a defense based on diminished capacity because of mental disease or defect. *Id.* He claimed that he could not remember the events because he had been intoxicated. *Id.* A defense expert testified that Middleton suffered from "pathological intoxication" and would thus have been unable to form the requisite intent to commit the crime. *Id.* The experts called by the prosecution disagreed with this conclusion. *Id.*

During the trial in state court, the prosecution attempted to introduce Shaw's polygraph during direct examination. *Id.* at 487, 668 P.2d at 372. The state court sustained an objection, but stated that the information might be properly admitted on redirect. *Id.* at 487–89, 668 P.2d at 372–73. On cross-examination, the defense attempted to discredit Shaw by making references to his "deal" with the state. *Id.* at 489, 668 P.2d at 373. On redirect, the prosecution elicited testimony about the nature of the "deal," including the requirement that Shaw pass a polygraph test. *Id.* The state court allowed the testimony. *Id.*

After closing argument, the state court instructed the jury to disregard the expert testimony if "any" of the facts relied upon by an expert had not been established. *State v. Middleton,* 61 Or.App. 680, 685, 658 P.2d 555, 558 (1983). Middleton's attorney objected to this instruction, but did not point out that its defect lay in failing to limit the jury's disregard to unproven "material" facts rather than "any" facts. *Id.* & n. 2. The jury found Middleton guilty of felony murder. *Id.* at 682, 658 P.2d at 556.

The Oregon Court of Appeals reversed Middleton's conviction and ordered a new trial on the ground that Shaw's testimony concerning the polygraph test was inadmissible to rebut the charge of interest or bias. *Id.* at 685, 658 P.2d at 558. The court ruled, however, that under Oregon procedure the objection to the jury instruction was inadequate and therefore waived. *Id.* The Oregon Supreme Court partially reversed the Court of Appeals. *State v. Middleton,* 295 Or. at 492, 668 P.2d at 375. It agreed that the polygraph test was inadmissible, but held that the admission in this case was harmless. *Id.* It also concluded that Middleton's objection to the jury instruction had been waived. *See id.*

Middleton petitioned the district court for a writ of habeas corpus, arguing that admission of the polygraph testimony unfairly prejudiced him, the exception to the jury instruction was adequate, and the instruction itself was reversible error. The district court dismissed his petition, reasoning that the admission of the polygraph testimony was proper on redirect because the defense had referred to Shaw's "deal" and that the instruction issue was "moot" because the exception had been waived under state law. Middleton appealed.

## II

■■■ Middleton argues that the admission of Shaw's testimony concerning the polygraph test violated his fourteenth amendment right to due process. We need not decide whether the testimony was improperly admitted because, even if it was, the impropriety did not rise to constitutional dimension. A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982) (*Engle* ). It is unavailable for alleged error in the interpretation or application of state law. *See id.* Thus, it is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts.

*See id.; Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir.) (lesser-included offense instructions not necessarily required by due process), *cert. denied,* —— U.S. ——, 105 S.Ct. 137, 83 L.Ed.2d 777 (1984).

We have never held that the Constitution prevents the admission of testimony concerning polygraph verification, although we have expressed an "inhospitable" leaning against the admission of such evidence as a matter of the federal rules of evidence. *See United States v. Brown*, 720 F.2d 1059, 1072 (9th Cir.1984) (as amended). We refuse, as suggested by Middleton, to elevate our views on an evidentiary issue to a constitutional level. *Cf. Crisafi v. Oliver*, 396 F.2d 293, 294–95 (9th Cir.) (improper testimony raised only evidentiary, not constitutional, questions), *cert. denied*, 393 U.S. 889, 89 S.Ct. 208, 21 L.Ed.2d 167 (1968). It is perfectly consistent for us to require more than the constitutional minima in federal cases without constitutionalizing our views for purposes of habeas corpus review of state proceedings.

### III

In discussing the jury instruction issue, neither party addresses the district court's holding that Middleton's claim is "moot." Both properly construed the district court's use of that word to mean that the claim is unreviewable because it was waived under state procedural rules.

Middleton argues that the district court's holding is incorrect because there was no state procedural rule conditioning preservation of his claim upon specifically pointing out the alleged defect in the jury instructions. In addition, he contends that if there were such a defect and he did not adequately point it out, he had "cause" for noncompliance and was "prejudiced" by the alleged instruction error. The state argues that Middleton's claim is not reviewable either because he has not exhausted state remedies with respect to it or because he waived his claim by failing to object adequately as required by state law.

 The state's exhaustion argument lacks merit. The state contends that Mid-

dleton failed to exhaust state remedies because the Oregon Supreme Court did not rule on the merits of his claim and because he can still bring the claim in a state post-conviction relief proceeding. We have held that "a state prisoner may not obtain federal habeas corpus relief without first exhausting all state remedies available at the time he files for relief." *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984). But "[t]he exhaustion requirement as to a particular claim is satisfied once the claim has been fairly presented to the highest court of the state." *Id.* Middleton "fairly presented" his claim to the Oregon Supreme Court. He therefore satisfied the exhaustion requirement even though the state court did not reach the merits of his claim.

The state's argument on the waiver issue is more persuasive. In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (*Sykes*), the Supreme Court held that failure to preserve a federal claim under state procedural rules renders the claim unreviewable in habeas corpus absent a showing of "cause" and "prejudice." *Id.* at 87, 97 S.Ct. at 2506. The Court specifically left "open for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard," *id.*, although the Court did "note ... that it is narrower than the [deliberate bypass] standard set forth in dicta in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)." *Id.*

According to the Oregon Supreme Court, Middleton failed to preserve his jury instruction claim because his exception to it was "inadequate." *State v. Middleton*, 295 Or. at 492, 668 P.2d at 375. The United States Supreme Court "repeatedly has held that state courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975). Thus, we must accept the Oregon Supreme Court's holding that the preservation rule existed in Oregon with the content attributed to it by the court. Therefore, whether Middleton's claim is reviewable in the federal court

depends on whether he had "cause" for failing to follow the rule and whether he suffered "prejudice" as a result of the jury instruction.

The Supreme Court has stated that "the cause requirement may be satisfied under certain circumstances" when there has been an unintentional failure to preserve a claim under state law. *Reed v. Ross,* —— U.S. ——, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984) (*Reed*). The Court in *Reed* identified one such situation: "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Id.* at 2910. In contrast, the Court in *Engle,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783, held that "the futility of presenting an objection to the state courts cannot alone constitute cause for failure to object at trial." *Id.* at 130, 102 S.Ct. at 1573. *Reed* specifically left open for future decisions what other situations might constitute sufficient cause. 104 S.Ct. at 2909. Middleton asks us to decide that there is cause for unintentional procedural failure when the procedural rule itself is not reasonably discernable by competent counsel.

■ We need not decide that question because the relevant Oregon rule was reasonably discernable. Section 136.330(2) of the Oregon Revised Code states that rule 59H of the Oregon Rules of Civil Procedure applies to jury instruction objections in criminal trials. Rule 59H states that

> no instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judge who gave it .... Any point of exception shall be particularly stated ....

Or.R.Civ.P. 59 H (1983).

Although the Oregon Supreme Court did not specifically cite this code section or rule in holding that Middleton's claim had been waived, it did cite *State v. Carson,* 292 Or. 451, 640 P.2d 586 (1982) (*Carson*), and *Lewis v. Baker,* 243 Or. 317, 413 P.2d 400 (1966) (*Lewis*). *Carson* applied former section 17.510 of the Oregon Revised Code, which had identical language to the relevant part of current rule 59H, Or.R.Civ.P.

*Carson,* 292 Or. at 463–64, 640 P.2d at 593. *Lewis* observed that trial judges should be careful to instruct a jury only to disregard expert testimony to the extent it relies on "material" as opposed to "any" facts not established, but held that "[i]n the absence of a request for a more precise instruction, there [is] no error." 243 Or. at 327, 413 P.2d at 405.

The language of rule 59H plainly requires an attorney to point out the specific error or lose the claim. Together with *Lewis,* any reasonable counsel would have known that a general objection to jury instructions like the one involved in this case, without pointing out the distinction between "any" and "material," is insufficient to preserve the claim under Oregon law. Consequently, there was no "cause" for counsel's failure to object adequately in this case. Therefore, we need not address whether the instruction constituted "prejudice" or review Middleton's substantive claim.

AFFIRMED.