947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Lee SANTOS, Petitioner-Appellant,
v.
George DEEDS, et al., Respondents-Appellees.
 No. 91-15211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 4, 1991.
 
 Before FLETCHER, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Lee Santos, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner may obtain a writ of habeas corpus only upon a showing that he or she is being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Engle v. Isaac, 456 U.S. 107, 119 (1982). Such relief is not available when errors in the interpretation or application of state law are alleged. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Habeas corpus relief is not available for a formal defect in sentencing procedure absent an accompanying constitutional violation. See Green v. United States, 365 U.S. 301, 306 (1961).
 
 
 4
 Here, the state trial judge sentenced Santos to ten years for grand larceny with a consecutive ten-year sentence for his status as a habitual criminal. Santos contends that the trial court deprived him of due process and equal protection of the law by giving him two separate sentences on a single conviction. Although the trial judge technically erred in giving Santos two separate sentences, see McGarry v. Fogliani, 370 F.2d 42, 43-44 (9th Cir.1966) (under Nevada's habitual criminal statute "[t]here is but one offense and one punishment"), Santos failed to show that the error deprived him of due process or equal protection. The record reveals that the trial judge intended to sentence Santos to twenty years in prison. Moreover, the trial judge had the authority to sentence Santos to a single twenty-year term for being a habitual criminal. See Nev.Rev.Stat. § 207.010(1) (1985) (allowing imprisonment of habitual criminals for not less than ten years nor more than twenty years). Because sentencing Santos to a single twenty-year term rather than two ten-year terms would not reduce the amount of time Santos must spend in prison,[1] the formal error in the sentence does not deprive Santos of due process or equal protection of the law. Accordingly, because Santos failed to show that he was deprived of a federal or constitutional right, he is not entitled to federal habeas corpus relief. See 28 U.S.C. § 2254(a); Engle, 456 U.S. at 119; Green, 365 U.S. at 306; Middleton, 768 F.2d at 1085.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In fact, the sentencing error advantaged Santos. While Santos must serve a minimum of eight years and eight months in prison under the sentence imposed, he would have to serve a minimum of twelve years and four months if the sentence were modified to a single twenty-year sentence. See Santos v. State, No. 17694, unpublished order (Nev. Sept. 30, 1987)