967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy E. CARLYLE, Petitioner-Appellant,
v.
James ROWLAND, Director, Attorney General of the State of
California, Respondents-Appellees.
 No. 91-55385.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided June 3, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sammy E. Carlyle, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We affirm.
 
 
 3
 Carlyle contends that his state court conviction violated his federal constitutional right to a unanimous jury verdict because the trial court replaced a juror after deliberations had commenced on the ground that the juror was refusing to follow the court's instruction on reasonable doubt.
 
 
 4
 A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). The Sixth Amendment requirement of jury unanimity does not extend to state criminal trials. See Apodaca v. Oregon, 406 U.S. 404, 410-11 (1972). Nonunanimous jury verdicts are constitutionally permissible. Id. Therefore, Carlyle was not constitutionally entitled to a unanimous verdict.
 
 
 5
 Nor did the procedures used to remove the juror in this case transgress Carlyle's federal constitutional rights. California's discharge and substitution procedure of a juror during deliberations, Cal.Penal Code §§ 1089, 1123 (West 1985), has been held to preserve "the 'essential feature' of the jury required by the Sixth and Fourteenth Amendments." Miller v. Stagner, 757 F.2d 988, 995 (9th Cir.1985) (citations omitted), cert. denied, 475 U.S. 1048 (1986). The "essential feature" of the jury is "the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence." Williams v. Florida, 399 U.S. 78, 100 (1970).
 
 
 6
 In this case, the trial court dismissed the juror on the ground that he was not following the trial court's reasonable doubt instruction. The discharge and replacement of Juror Correa did not constitutionally deprive Carlyle of the protections and benefits that accompany a jury trial. See Miller, 757 F.2d at 995. Moreover, the California Court of Appeals found that the trial judge had conducted an adequate hearing and that there was a sufficient factual basis for the trial court to excuse the juror.
 
 
 7
 Accordingly, because (1) Carlyle does not have a federal constitutional right to a unanimous jury verdict, and (2) the trial court preserved the essential elements of a trial by jury as required by the Sixth and Fourteenth Amendments, Carlyle is not entitled to federal habeas corpus relief. See Apodaca, 406 U.S. at 410-11; Middleton, 768 F.2d at 1085; Miller, 757 F.2d at 995.[1] The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carlyle relies heavily on United States v. Brown, 823 F.2d 591, 596-97 (D.C.Cir.1987), to support his contention that the state trial court deprived him of a federal constitutional right to a unanimous jury verdict. Nevertheless, Brown is distinguishable because it involved a federal criminal defendant. See id. at 595 (Sixth Amendment "endow[s] a federal criminal defendant with the right to a unanimous verdict"). Carlyle's claim is meritless because it is based on the erroneous premise that a state criminal defendant also has a federal constitutional right to a unanimous jury verdict. See Apodaca, 406 U.S. at 410-11