967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Lee GUARDINO, Petitioner-Appellant,
v.
Leonard CORDOZA, Respondent-Appellee.
 No. 91-16132.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 16, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Guardino appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Guardino contends that he was denied due process because (1) the trial court refused to give his proposed jury instruction that the jury consider all facts regarding his prior conviction for alcohol-related reckless driving; and (2) the state failed to present at trial facts showing that Guardino consumed alcohol or drugs in connection with his prior conviction for alcohol-related reckless driving. These contentions lack merit.
 
 
 4
 "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). A petitioner is entitled to federal habeas corpus relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). A writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985) (citation omitted), cert. denied, 478 U.S. 1021 (1986).
 
 
 5
 Here, Guardino contested the state's claim that he previously had been convicted of alcohol-related reckless driving. A jury trial was held to determine the truth of the prior conviction. The jury was not required to consider the facts underlying his prior conviction for alcohol-related reckless driving because California law limits a jury to determining whether the defendant "has or has not suffered" a prior conviction; it does not authorize a jury to make a factual determination on the merits of a prior conviction. See Cal.Penal Code §§ 969 1/2, 1025, 1158 (West 1985 & Supp.1991).
 
 
 6
 The record shows that the trial court instructed the jury properly regarding the reasonable doubt standard, and that the state presented at trial sufficient evidence to allow a rational jury to find that Guardino previously had been convicted of alcohol-related reckless driving. Accordingly, Guardino was not denied due process at trial. See Jackson, 443 U.S. at 324; Winship, 397 U.S. at 364. To the extent that Guardino challenges the trial court's application of California state law, Guardino's claims are not cognizable in a section 2254 petition. See Middleton, 768 F.2d at 1085.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3