967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael M. MONTELONGO, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden; John Van De Kamp, California Attorney
General, Respondents-Appellees.
 No. 91-55835.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael M. Montelongo, a California state prisoner, appeals pro se the district court's denial of his 42 U.S.C. § 2254 habeas corpus petition challenging his convictions and sentences for forcible oral copulation and forcible rape. We review de novo, Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990), and we affirm.
 
 
 3
 Montelongo contends the state trial court erred by admitting for purposes of impeachment evidence of two prior convictions. Montelongo claims that in admitting the evidence of the prior convictions, the trial court misapplied Cal.Evid.Code § 352 and abused its discretion by admitting the priors for purposes of impeachment. Violation of a state evidence rule does not constitute grounds for habeas corpus relief absent a due process violation. Engel v. Isaac, 456 U.S. 107, 119 (1982); Middletown v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). A federal court cannot disturb on due process grounds a trial court's discretionary decision to admit evidence unless the trial court committed an error which was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. Jammal v. Van De Kamp, 926 F.2d 918, 919-20 (9th Cir.1991). Here, the state trial court's ruling that Montelongo's prior convictions were admissible for impeachment purposes does not rise to the level of a constitutional violation. See Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).
 
 
 4
 Montelongo also contends that his 22-year sentence was disproportionate to the offenses. The eighth amendment requires that a sentence be proportionate to the crime for which the defendant is convicted. Solem v. Helm, 463 U.S. 277, 290 (1983). Although severe, Montelongo's sentence was not unconstitutionally disproportionate. See Harmelin v. Michigan, 111 S.Ct. 2680, 2709 (1991).
 
 
 5
 Finally, Montelongo contends the state trial court erred by using the same facts to enhance his sentence as it used to set his sentencing term. A review of the record demonstrates that this is not the case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. 4. 36-3