977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stacy Edward LUCAS, Petitioner-Appellant,
v.
Bob CORBIN; Roger Crist, Warden, Respondents-Appellees.
 No. 91-16271.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stacy Lucas, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 On July 28, 1987, Lucas pleaded guilty in Arizona Superior Court to one count of armed robbery. At the time that Lucas committed that crime, he was an escapee from a Wyoming state prison. In return for his guilty plea, the Arizona prosecutor assigned to the case agreed that the sentence imposed by the trial court would run concurrently with the remaining sentence that Lucas had to serve in Wyoming. The Arizona trial court sentenced Lucas to twelve and one-half years of imprisonment, to be served concurrently with the remaining Wyoming sentence and any federal sentence imposed in a pending federal case. Before accepting Lucas's guilty plea, however, the trial court noted, and Lucas acknowledged, that neither the trial court nor the state of Arizona could ensure that Lucas's Arizona sentence would in fact be served concurrently with the sentence he was serving in Wyoming before he escaped. Lucas did not appeal his conviction or sentence in state court, but on August 30, 1988, he filed with the trial court a letter, in which he claimed that the plea agreement had been violated because he was not getting credit in Wyoming for the time he was serving in Arizona. The trial court treated the letter as a petition for postconviction relief and held a status conference, at which the trial court gave Lucas a 60-day continuance and appointed an attorney to represent him. On November 9, 1988, Lucas appeared before the trial court and voluntarily dismissed his petition for postconviction relief, stating that he wanted to "stay with the plea agreement." The parties agreed to a modification of the plea agreement that deleted a reference that Lucas would not be prosecuted for escape in Wyoming.
 
 
 4
 In his habeas petition and his appellate brief, Lucas contends that he is entitled to habeas corpus relief because the state of Wyoming refused to run its sentence concurrently with the Arizona sentence. This contention lacks merit.
 
 
 5
 A writ of habeas corpus "is unavailable for alleged error in the interpretation or application of state law." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985) (citation omitted), cert. denied, 478 U.S. 1021 (1986). A state court's erroneous application of a state law or procedural rule is not grounds for habeas corpus relief unless that error also violates federal law, either by infringing on a specific federal constitutional or statutory provision, or by rendering the state proceeding so fundamentally unfair or unjust as to violate due process. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). Moreover, a prisoner has no liberty interest in being conditionally released from prison before the expiration of his valid sentence. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).
 
 
 6
 Here, the Arizona trial court made it clear to Lucas that neither it nor the state of Arizona had the authority to ensure that Lucas's sentence would run concurrently with the sentence he had to finish serving in Wyoming. Because Wyoming will not accept custody of Lucas until he completes his Arizona sentence, it is not possible for the sentences of the two states to run concurrently. We find no federal constitutional or statutory provision that is violated either by Wyoming's refusal to accept Lucas, or Arizona's failure to ensure that Lucas serves concurrent sentences. See Estelle, 112 S.Ct. at 482; Middleton, 768 F.2d at 1085. Nor do we find any violation of Lucas's rights to due process. Accordingly, because Lucas has not stated a federal constitutional or statutory violation, his claim is not cognizable under 28 U.S.C. § 2254. See id.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Lucas's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Lucas contends that:
 1) the district court judge was biased against Lucas when he denied Lucas's habeas petition; and
 2) prison officials from Arizona and Wyoming conspired to turn Lucas's concurrent sentences into consecutive sentences.
 Because Lucas failed to present these contentions to the district court in his habeas petition, we decline to address them. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (claims absent from a petition to the district court for habeas relief generally are not reviewable on appeal to this court); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983) ("the only issues before this court are those [presented] in the petition"), cert. denied, 469 U.S. 873 (1984).