988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elijah JACKSON, Jr., Petitioner-Appellant,
v.
OAHU COMMUNITY CORRECTIONAL CENTER; Halawa Correctional
Facility, Halawa Medium Security Facility;
Corrections Division, State of Hawaii,
Department of Public Safety,
Respondents-Appellees.
 No. 92-15000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Hawaii; No. CV-92-00723-DAE, David A. Ezra, District Judge, Presiding.
 D.Hawaii
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elijah Jackson appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner can satisfy the exhaustion requirement by giving the highest state court a fair opportunity to consider his claim before he presents it to the federal habeas court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985). This may be accomplished either by direct appeal or by post-conviction proceedings. See 28 U.S.C. § 2254(b).
 
 
 4
 The district court correctly dismissed Jackson's petition for failure to exhaust because he failed to present his claims to the Supreme Court of Hawaii. See Picard, 404 U.S. at 276; Middleton, 768 F.2d at 985. Further, Jackson has not pursued available state post-conviction remedies. See Haw.R.Penal P. 40. Accordingly, the district court did not err in dismissing Jackson's habeas corpus petition for failure to exhaust state remedies. See Duckworth, 454 U.S. at 3.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3