995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur M. SAMBRANO, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 92-16823.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur M. Sambrano, a California prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. He contends that the state trial court violated his constitutional right to confrontation by limiting his cross-examination. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992), and affirm.
 
 
 3
 Habeas relief under 28 U.S.C. § 2254 is only available on the basis of a violation of federal law binding on the state courts and not for an alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied., 478 U.S. 1021 (1986). "A defendant's constitutional right to confront witnesses through cross-examination is limited to issues relevant to the trial." United States v. Bonanno, 852 F.2d 434, 439 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). A trial court does not violate the confrontation clause by limiting cross-examination where the defendant had an opportunity for substantial cross-examination and the additional cross-examination is collateral in nature. Bright v. Shimoda, 819 F.2d 227, 229 (9th Cir.1987), cert. denied, 485 U.S. 970 (1988). Even when the additional cross-examination desired has some impeachment value, no violation will be found if the defense is allowed to adequately impeach the credibility of the government witness by other lines of questioning. See United States v. Guthrie, 931 F.2d 564, 568-69 (9th Cir.1991).
 
 
 4
 Here, Sambrano and a codefendant were charged in the stabbing death of a man at a liquor store. In Sambrano's first trial, a government witness, Keith Thompson, made some improper statements in front of the jury venire. Thompson stated that he was the only witness to the incident and that he was just six feet away from where the stabbing occurred. In chambers, the trial judge admonished Thompson, but he denied having made the statements. The trial judge then questioned the members of the venire, found that Thompson had made the improper statements, and declared a mistrial. At Sambrano's second trial, the defense was allowed to call several of the venire members from the first trial to testify regarding the statement made by Thompson that he was only six feet away from the incident. Nevertheless, the trial court refused to allow Sambrano to cross-examine Thompson regarding certain circumstances surrounding his statements and his denial at the in-chambers conference. Sambrano did introduce other evidence that impeached Thompson's credibility, including testimony from acquaintances of Thompson stating that he could not be trusted or believed. Sambrano was convicted of first degree murder.
 
 
 5
 The state trial court afforded Sambrano a substantial opportunity to cross-examine Thompson and to impeach Thompson's credibility. See Guthrie, 931 F.2d at 569; Bright, 819 F.2d at 229. The state court's action did not deprive Sambrano of his sixth amendment right of confrontation. See Bonanno, 852 F.2d at 439; Bright, 819 F.2d at 229. Accordingly, the district court properly denied Sambrano's 28 U.S.C. § 2254 habeas petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3