73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ronnie Loven EDWARDS, Petitioner-Appellant,
v.
Peggy L. KERNAN; Attorney General, State of California,
Respondents-Appellees.
 No. 95-15882.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Dec. 21, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronnie Loven Edwards, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. Edwards contends that his sentence violates his rights under the sixth, eighth, and fourteenth amendments to the U.S. Constitution. We disagree, and we affirm the judgment of the district court.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 On February 9, 1988, Edwards was found guilty by a California Superior Court jury of two counts of rape and of using a deadly weapon during the commission of both offenses. On March 8, 1988, the trial court sentenced Edwards to a term of thirty-eight years imprisonment: six years for Count I, six years for Count II, three years each for the two deadly weapon enhancements, and ten years each for Edwards' two prior prison terms. While pronouncing the sentence, the judge stated, "I have a little difficulty with making nine years the principal term and then adding 'ten year enhancements' to it. That bothers me a little bit." The California Court of Appeal upheld Edwards' conviction and sentence. Edwards then unsuccessfully sought habeas relief in the California courts.
 
 
 4
 Edwards subsequently filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. Sec. 2254, with the district court, arguing that the sentencing judge's statement indicated that the sentence amounted to a constitutional violation. The district court adopted the magistrate judge's findings and recommendations and dismissed Edwards' petition on March 31, 1995. Edwards timely appeals.
 
 
 5
 This court has jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo the district court's dismissal of a habeas petition. McQueary v. Blodgett, 924 F.2d 829, 832 (9th Cir.1991).
 
 II.
 DISCUSSION
 
 6
 A writ of habeas corpus shall not be granted to a state prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. Sec. 2241(c)(3). Federal habeas corpus relief is not available to correct errors in the application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989). Only if an error in state proceedings involves "fundamental fairness" does it rise to the level of a due process violation cognizable in habeas. McGuire, 502 U.S. at 72-73; Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 7
 Here, Edwards has failed to show that his detention violates the Constitution or laws of the United States. Whether the sentencing judge properly applied California sentencing laws is a question of state law not subject to federal habeas review. See Miller, 868 F.2d at 1118-19. Only if the alleged error involved "fundamental fairness" can Edwards make out a due process claim under the fourteenth amendment. See McGuire, 502 U.S. at 72-73; Wasko v. Vasquez, 820 F.2d 1090, 1091 n. 2 (9th Cir.1987). The trial court's enhancement of Edwards' sentence for his two prior prison terms and the court's decision to impose the full middle term of six years imprisonment for both rapes were proper under California law. See Cal.Penal Code Secs. 667.6(b), 667.6(c). Nor does the sentence violate notions of fundamental fairness. The district court correctly determined that the state court did not err in sentencing Edwards and that, at most, Edwards alleged errors in the application of state sentencing law that were not cognizable under federal habeas corpus.[1] See McGuire, 502 U.S. at 67-68; Middleton, 768 F.2d at 1085.
 
 
 8
 Edwards asks us to apply O'Neal v. McAninch, 115 S.Ct. 992 (1995), to this case, but O'Neal is inapposite. In O'Neal, the Supreme Court held that when a federal habeas court experiences "grave doubt" as to whether a constitutional violation during the state trial was harmless error, then the court must treat the error as if it were not harmless. O'Neal, 115 S.Ct. at 994; see also Hegler v. Borg, 50 F.3d 1472, 1478 (9th Cir.1995). Here, the habeas court--first the district court, now this court--has no reason to conduct a harmless error analysis because there was no constitutional violation during the state trial. To repeat, the rule of O'Neal simply has no application to the case before us.
 
 
 9
 Nor did Edwards' sentence violate his eighth amendment right, as applied to the states through the fourteenth amendment, to be free from cruel and unusual punishment. "A criminal penalty constitutes cruel and unusual punishment if it: (a) 'involve[s] the unnecessary and wanton infliction of pain,' (b) is 'grossly disproportionate to the severity of the crime,' or (c) otherwise 'shocks the conscience and sense of justice of the people.' " McQueary, 924 F.2d at 835 (quotations and citations omitted). These factors are measured by society's evolving standards of decency, as evidenced primarily by state criminal laws. Id. at 836. As discussed above, Edwards' sentence fits within the parameters of California's penal laws. Edwards has not alleged or demonstrated that those laws violate "evolving standards of decency." Given the facts of his case, and the statutes under which he was sentenced, Edwards has failed to make out a claim under the eighth amendment.
 
 
 10
 Because Edwards has raised only claims of error under state law, the district court properly dismissed Edwards' Sec. 2254 petition and did not violate Edwards' sixth, eighth or fourteenth amendment rights in so doing. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based on the transcript of the state sentencing proceedings, it appears that the judge's statement that forms the basis for this petition stemmed from some confusion about whether the enhancement periods could exceed the principal term of punishment. Under California law, an enhancement under Penal Code Sec. 667.6 can exceed the principal term. See Cal.Penal Code Sec. 1170.1(i). Therefore, despite his apparent uncertainty, the sentencing judge properly sentenced Edwards. See Cal.Penal Code Secs. 261(2); 667.6(a)-(d); 1170.1(a), 1170.1(i); 12022.3(a)