**Edward GOZY, Petitioner–Appellant,**

v.

**A.C. NEWLAND, et al., Respondents–Appellees.**

No. 01–15874.

D.C. No. CV–98–01001–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM**

California state prisoner Edward Gozy appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging the Board of Prison Term's ("the Board") failure to set a parole release date for him. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the district court's decision to deny a 28 U.S.C. § 2254 petition de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

Gozy contends his due process rights were violated because there was not sufficient evidence to support the Board's decision. Gozy asserts a valid liberty interest, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir.2002) (concluding that Califor-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nia parole statutes create a protected liberty interest), but we conclude that the Board's decision was supported by some evidence, therefore no due process violation occurred. *Id.* at 904 (reviewing court asks only if the parole board's determination was supported by some evidence having some indicia of reliability).

To the extent Gozy raises an equal protection claim, this contention is unpersuasive because he fails to demonstrate he has been treated differently than other similarly situated prisoners and there is a rational basis for the Board's decision. *See McGinnis v. Royster,* 410 U.S. 263, 269–70, 93 S.Ct. 1055, 35 L.Ed.2d 282 (reviewing difference in release dates under rational basis test, balancing state's efforts to ensure prisoners are sufficiently prepared for release to protect public safety with prisoner's interest in release).

Gozy also contends that the Board's action amounted to cruel and unusual punishment under the Eighth Amendment. This claim is unpersuasive because Gozy fails to demonstrate that his sentence is disproportionate to the gravity of the offense. *See United States v. Cupa–Guillen,* 34 F.3d 860, 864 (9th Cir.1994).

Lastly, Gozy contends that the Board violates the state and federal doctrine of separation of powers by setting parole release dates because it is determining terms of imprisonment, a judicial function. This claim is not cognizable because the federal doctrine of separation of powers does not extend to the states under the Fourteenth Amendment, *see Hughes v. Superior Court,* 339 U.S. 460, 467, 70 S.Ct. 718, 94 L.Ed. 985(1950). The question of whether a state agency violates the doctrine of separation of powers contained in the California state constitution does not give rise to a claim for federal habeas relief. *See Middleton v. Cupp,* 768 F.2d 1083, 1085 (9th Cir.1985). Accordingly, the district court's denial of Gozy's § 2254 petition was proper.[1]

**AFFIRMED.**

---

1. To the extent Gozy challenges the Board's denial under the state law requirements set forth in Cal. Pen.Code §§ 3041 and 3041.5, we decline to review for failure to state a federal claim. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (stating federal habeas relief not available for a claim based on error of state law). Likewise, we decline to take judicial notice of the appellant's additional citations

filed on October 9, 2002. *See* Fed. R.App. 10(a)(1).

