Martin Raymond GARCIA,
Petitioner—Appellant,

v.

CDC DIRECTOR, Respondent—
Appellee.

No. 04–17184.

D.C. No. CV–00–02562–WBS/JFM.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted June 16, 2005.

Decided Jan. 11, 2006.

John Ward, San Francisco, CA, for Petitioner–Appellant.

Matthew Loren Cate, AGCA–Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before TALLMAN, BYBEE, and BEA, Circuit Judges.

MEMORANDUM *

California state prisoner Martin Garcia appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Garcia contends the trial court's use of a former version of California Jury Instruction (CALJIC) 2.50.01 violated his due process rights, and that evidence presented to the jury regarding a prior offense violated his rights under the Double Jeopardy Clause of the Fifth Amendment. We affirm the district court's denial of the writ.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We review *de novo* a district court's denial of a habeas petition. *Taylor v. Maddox*, 366 F.3d 992, 997 (9th Cir.2004).

On habeas review of a state court judgment, we look to the " 'last reasoned decision of the state court.' " *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir.2005) (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir.2002)). Here, that decision is the June 14, 1999, decision of the California Court of Appeal. We may grant habeas relief only if the California Court of Appeal's decision either (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (Supp. 2005).

Because the parties are familiar with the facts, we recount them here only as necessary to explain our disposition.

At Garcia's trial for lewd acts with a child, Heather F., the court admitted testimony regarding a prior lewd act with a child, Tiffany D., as propensity evidence, even though Garcia had been tried and acquitted of the earlier crime. The parties stipulated to, and the jury was informed of, this acquittal.

At the close of trial, the jury received a series of instructions, including a since-modified version of CALJIC 2.50.01:

> Evidence has been introduced for the purpose of showing or attempting to show that the Defendant engaged in sexual offense[s] other than those charged in the case. Sexual offense means a crime under the law of the state or of the United States that involves any of the following: Any conduct made criminal by Penal Code Section 288(a). The elements of this crime are set forth elsewhere in these instructions. If you find that the Defendant committed a prior sexual offense, you may, but are not required to infer that the Defendant had a disposition to commit the same or similar types [of] sexual offense. If you find the Defendant had this disposition, you may, but are not required to infer that he was likely to commit and did commit the crimes of which he is accused.

The jury also received the following instruction as to the standard of proof in the case:

> [E]ach fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance upon which the inference necessarily rests must be proved beyond a reasonable doubt.[1]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In addition to the above-described instruc-

Garcia was convicted of two counts of lewd conduct and two counts of forcible lewd conduct committed upon a child under age fourteen. He was acquitted of two other counts. The jury could not agree on the remaining count; on that count a mistrial was entered. For the counts on which Garcia was convicted, the trial court sentenced him to a total of twenty-six years' imprisonment.

The California Court of Appeal affirmed Garcia's conviction and sentence on direct appeal, and the California Supreme Court summarily denied Garcia's petition for review. The district court denied Garcia's federal habeas petition. This appeal followed.

## I. Double Jeopardy

In his habeas petition, Garcia contests his conviction on double jeopardy grounds.[2] " '[I]t has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offence.' " *Stow v. Murashige*, 389 F.3d 880, 888 (9th Cir. 2004) (alteration in original) (quoting *Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). The Fourteenth Amendment incorporates protection from double jeopardy against the states. *Benton v. Maryland*, 395 U.S. 784, 795–96, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Garcia claims that the trial court placed him in double jeopardy by admitting testimony relating to a previous molestation charge for which he had been acquitted, and advising the jury that it could find him guilty based on this propensity evidence alone. Citing *Dowling v. United States*, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), the state appellate court rejected this claim because "[d]ouble jeopardy principles do not bar use of evidence which formed the basis of an unsuccessful prosecution, where the later proceeding employs a lower standard of proof." *People v. Garcia*, No. C029885, slip op. at 6–7 (Cal.Ct.App. June 14, 1999). The state court was wrong. The later proceeding employed not "a lower standard of proof" but the same standard of proof: beyond a reasonable doubt.

■ Hence, as a matter of normal issue preclusion (collateral estoppel) it is quite probable the state court erred, under the state's law of evidence. We nonetheless lack subject matter jurisdiction to review the state court decision based on an evidentiary collateral estoppel issue that does "not rise to constitutional dimension." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985).

The Supreme Court in *Ashe v. Swenson*, 397 U.S. 436, 445–46, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), held that the Double Jeopardy Clause embodies the doctrine of collateral estoppel. *Id.* Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. 1189.

tions, the jury received descriptions of Garcia's charges regarding lewd conduct with Heather F.; an explanation of the prosecution's burden of proving every element of each charge beyond a reasonable doubt; an admonishment to consider the instructions as a whole; and guidance that ambiguous circumstantial evidence must be interpreted in favor of innocence.

**2.** Garcia does not now contest the California Court of Appeal's determination of his equal protection, undue prejudice, and ineffective assistance of counsel claims. He has also abandoned the Confrontation Clause argument he raised in district court.

*Ashe* involved the robbery of six men at a poker game. *Id.* at 437, 90 S.Ct. 1189. The defendant was initially tried for the robbery of one of these six men; the only issue in dispute was whether the defendant had participated in the robbery. *Id.* at 438, 90 S.Ct. 1189. A jury acquitted the defendant in this first trial because the evidence linking him to the crime was weak. *Id.* at 439, 90 S.Ct. 1189. However, the prosecution later charged the same defendant with the robbery of another of the six victims and this time obtained a conviction with improved eyewitness testimony. *Id.* at 439–40, 90 S.Ct. 1189. The Court reversed the defendant's conviction because the second jury could have convicted the defendant only by finding an ultimate fact—that defendant was one of the robbers—in a manner contradicting the finding of the first jury. *Id.* at 445, 90 S.Ct. 1189.

However, our court has distinguished constitutional collateral estoppel, which invokes double jeopardy protection, from legal collateral estoppel, an evidentiary issue.

> Constitutional collateral estoppel exists where "a fact necessarily determined in the defendant's favor by his earlier acquittal [makes] his conviction on the challenged second trial ... impossible unless the fact could be relitigated and determined adversely to the defendant."
>
> On the other hand, "double jeopardy guarantees are not engaged by collateral estoppel which, if applied, would merely restrict proof but not make conviction impossible."

*United States v. James,* 109 F.3d 597, 601 (9th Cir.1997) (quoting *Pettaway v. Plummer,* 943 F.2d 1041, 1046 (9th Cir.1991), *overruled on other grounds by Santamaria v. Horsley,* 133 F.3d 1242, 1245–47 (9th Cir.1998) (en banc)).

Here, even if in Garcia's trial for molesting Heather F. collateral estoppel barred evidence relating to Tiffany D., the doctrine would merely have restricted proof; it would not have made conviction impossible. To find beyond a reasonable doubt that Garcia had molested Heather F., the jury was not required to find that he had molested Tiffany D. Accordingly, Garcia's collateral estoppel claim implicates only state common law doctrine, not federal constitutional principles of double jeopardy or a federal statutory right.

■ This court does not have habeas jurisdiction for claims involving improperly admitted evidence that are not based on federal constitutional or statutory law:

> [A writ of habeas corpus under 28 U.S.C. § 2254] is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts.

*Middleton,* 768 F.2d at 1085. Thus, Garcia's collateral estoppel claim is not cognizable upon habeas review because it does not involve a right protected by federal statutory or constitutional law.[3]

---

**3.** The admission of the propensity evidence also did not violate traditional double jeopardy principles. Double jeopardy bars only multiple trials for the same offense. *Blockburger v. United States,* 284 U.S. 299, 301–04, 52 S.Ct. 180, 76 L.Ed. 306 (1932). For two charges to be considered the same offense, they must have arisen from the same illicit act, and each charge cannot require proof of an element that the other does not require. *Id.* Garcia was charged and tried for molesting two girls, Tiffany D. then Heather F., at different times; he was not charged for the same offense twice. *See Custer v. Hill,* 378 F.3d 968, 973–74 (9th Cir.2004).

## II. Due Process

■ Although the since-revised CALJIC 2.50.01 read to Garcia's jury was less than ideal, this jury instruction did not violate due process because we assume that the jury found beyond a reasonable doubt all evidence necessary to convict Garcia. *Gibson v. Ortiz*, 387 F.3d 812, 822 (9th Cir.2004). This court in *Gibson* considered the identical version of the jury instruction at issue here and stated that the jury's ability to convict the defendant based solely on evidence of prior sexual offenses did not by itself violate due process. *Id.* Admittedly, *Gibson's* holding did not logically require it to decide the due process issue presented here. *Gibson* held that applying a preponderance of the evidence standard to propensity evidence that is sufficient to convict a defendant violates due process. *Id.* By contrast, the jury in Garcia's case was instructed that it had to find beyond a reasonable doubt all facts necessary to convict him. Nevertheless, *Gibson's* reference to the circumstances found here still controls because it dealt with an "issue germane to the eventual resolution of the case, and resolve[d] it after reasoned consideration in a published opinion." *United States v. Johnson*, 256 F.3d 895, 914 (9th Cir.2001) (en banc).

Accordingly, we AFFIRM the district court's order denying Garcia's petition for writ of habeas corpus.