Gary Wayne LaBRANCH, Petitioner— Appellant,

v.

Cal A. TERHUNE, Director of Corrections, Respondent— Appellee.

No. 05–16224.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

Gary Wayne LaBranch, Folsom, CA, pro se.

Constance Picciano, Esq., Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Gary Wayne LaBranch appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging two prison disciplinary convictions resulting in the loss of 60 days of good time credits. We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *Lott v. Mueller,* 304 F.3d 918, 922 (9th Cir.2002), we affirm.

LaBranch contends that his rights under the First, Eighth, and Fourteenth amendments were violated when the California Department of Corrections and Rehabilitation ("CDCR") implemented new grooming standards establishing limits on hair length and requiring that inmates remain clean-shaven. LaBranch suffered two disciplinary convictions for failing to comply with the grooming regulations.

We conclude that the California state court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1). First, CDCR's grooming regulations are reasonably related to legitimate penological interests, and are therefore a valid restriction of La-Branch's First Amendment rights. *See Henderson v. Terhune,* 379 F.3d 709, 712– 15 (9th Cir.2004); *see also Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Second, LaBranch's contention that his Eighth Amendment rights have been violated fails because he has not shown that CDCR's practices deny him "the minimal civilized measures of life's necessities." *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

L.Ed.2d 811 (1994). Third, LaBranch has not shown that imposition of CDCR's grooming regulations implicated a Fourteenth Amendment liberty interest in some "unexpected manner" or imposed an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

LaBranch's contention that CDCR is violating state law by allowing unlicensed barbers to cut the hair of inmates is a state claim, and therefore not cognizable in a federal habeas petition. *See Middleton v. Cupp,* 768 F.2d 1083, 1085–86 (9th Cir. 1985). His contention that the state has failed to comply with court procedures and deadlines is not cognizable because it does not state a federal claim. *See id.* (writ of habeas corpus is unavailable unless the Constitution or another federal law specifically protects against the alleged unfairness).

We decline to address LaBranch's remaining contentions because he did not raise them before the district court. *See Morrison v. Mahoney,* 399 F.3d 1042, 1046 (9th Cir.2005).

**AFFIRMED.**