David Gene LANCASTER,
Petitioner—Appellant,

v.

BOARD OF PRISON TERMS,
Respondent—Appellee.

No. 05–15910.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

David Gene Lancaster, Soledad, CA, pro se.

Robert Michael Llewellyn, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner David Gene Lancaster appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *McQuillion v. Duncan*, 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

Lancaster contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights. We conclude that it was permissible for the Board to rely upon the commitment offense in determining Lancaster's suitability at his initial parole consideration hearing and that there was "some evidence" to support the Board's denial of parole. *See Irons v. Carey*, 479 F.3d 658, 662–66 (9th Cir.2007); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir.2006); *Biggs v. Terhune*, 334 F.3d 910, 916 (9th Cir.2003).

Lancaster also contends that his due process rights were violated because the Board allegedly is comprised of a high number of ex-law enforcement officials and therefore is not representative of the people of California. To the extent Lancaster is raising a claim based on state law, the claim is not cognizable in a federal habeas petition. *See Rose v. Hodges*, 423 U.S. 19,

21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975). In addition, although there may be a violation of a prisoner's federal due process rights if the hearing officer at a prison hearing is biased, *see Edwards v. Balisok*, 520 U.S. 641, 647, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), Lancaster has presented no evidence of bias, and we therefore reject this claim.

Lancaster next contends that the Board violated the Double Jeopardy Clause by allegedly relitigating his commitment offense and sentencing him to first degree murder rather than second degree murder when it determined that he was unsuitable for parole. We disagree. He has not been subjected to a second prosecution or subjected to multiple punishments. *See United States v. DiFrancesco*, 449 U.S. 117, 129, 137, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

Lancaster also contends that the Board violated the doctrine of separation of government powers. Such a claim is not cognizable because the federal doctrine of separation of powers does not extend to the states under the Fourteenth Amendment. *See Hughes v. Superior Court*, 339 U.S. 460, 467, 70 S.Ct. 718, 94 L.Ed. 985 (1950). To the extent Lancaster is arguing that the Board violated the doctrine of separation of powers contained in the California state constitution, such an argument would not give rise to a claim for federal habeas relief. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985). To the extent, Lancaster is making a due process argument based on an alleged "no parole" policy, Lancaster presented to the district court nothing more than conclusory allegations, which cannot provide a basis for habeas relief. *See Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir.1995) (stating

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that conclusory allegations are not sufficient to support habeas relief).

Finally, Lancaster contends that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. We disagree. His sentence is not disproportionate to his crime. *See Lockyer v. Andrade*, 538 U.S. 63, 72–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.