On petitioner's reconsideration filed May 26, former opinion filed April 27 (51 Or App 741, 628 P2d 798), reconsideration denied July 20, petition for review denied October 20, 1981 (291 Or 771)

In the Matter of the Compensation of
Verna L. Beck, Claimant.

BECK,
*Petitioner,*

*v.*

FRED S. JAMES & COMPANY,
*Respondents.*

(WCB Case No. 79-7548, CA 19182)

631 P2d 798

Alice Goldstein, Portland, for petition.

Before Gillette, Presiding Judge, and Roberts and Young, Judge.

ROBERTS, J.

## ROBERTS, J.

We write about this petition for reconsideration in order to call attention of attorneys and the Supreme Court to a serious and recurring problem it reflects.[1] This problem may just have resulted from an unfortunate disregard of appropriate appellate practice. Whatever the reason, this petition for reconsideration could be taken to be deliberately deceptive in part in its presentation of the issues of which review by the Supreme Court is sought.

In the petition for reconsideration three of the four issues presented in the petition bear no resemblance whatsoever to the issues tendered on review in this court. The issues sought to be presented to the Supreme Court in the petition are: whether an employer has responsibility under the Workers' Compensation Law to a claimant who has moved out of the state; whether a report from an out-of-state physician can constitute a claim for aggravation under ORS 656.273(3); whether disallowing reports from

---

[1] Rule 10.10, Rules of Appellate Procedure, provides:

"The petition for review of the Supreme Court shall serve as the petition for reconsideration in the Court of Appeals.

"The Court of Appeals first will determine whether it will reconsider the case. Upon making that decision the court will enter an order evidencing such determination and transmit a copy of such order to the Supreme Court and to the parties of record.

"If the Court of Appeals decides to reconsider, it may do so with or without oral argument and it may issue a modified or supplemental opinion or adhere to its former decision and opinion.

"The petition for review to the Supreme Court will remain in abeyance until the Court of Appeals renders it decision and order on the petition.

"Any party who is dissatisfied with any modification or supplemental decision of the Court of Appeals on reconsideration may request by motion to the Supreme Court that the Supreme Court proceed to consider the petition for review of the original decision as modified or supplemented, or may file an additional petition for review. Any such motion or petition must be filed with proof of service within 30 days after the entry of the modified decision of the Court of Appeals.

"The Supreme Court will dismiss the petition for review and the Court of Appeals will issue its mandate if within 30 days after any modification or supplemental decision by the Court of Appeals, a party does not file a motion requesting consideration of the existing petition for review or file a new petition for review.

"If the Court of Appeals denies reconsideration, the Supreme Court will proceed to determine whether to grant review."

out-of-state doctors in the administration of workers' compensation system infringes upon claimant's constitutionally protected right to travel interstate; and whether the Board (and this court in affirming the Board) erroneously applied the legal standard to the facts in determining claimant's medically stationary date and/or the extent of disability. Only the last was presented on review in this court.

We do not presume to advise the Supreme Court how to deal with the petition here. However, in no case should the absence of a written opinion be taken as an invitation to litigants to raise for the first time whatever issues they choose in the Supreme Court.

Petition for reconsideration denied.