5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rohn Derrick DORSEY, Petitioner-Appellant,
v.
OREGON BOARD OF PAROLE, Respondent-Appellee.
 No. 92-36936.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 2, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rohn Derrick Dorsey, an Oregon state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court determined that Dorsey procedurally defaulted his claims by failing to fairly present them to the Oregon Supreme Court. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 A state prisoner's petition for habeas corpus must be dismissed if the petitioner has not exhausted available state remedies. 28 U.S.C. Sec. 2254(b); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). A petitioner has not satisfied the exhaustion requirement unless he has fairly presented his claims to the highest state court. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Submitting a new claim to a state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation. Castille v. Peoples, 489 U.S. 346, 351 (1988).
 
 
 4
 A petition should not be dismissed for failure to exhaust if the petitioner has no state remedies available when the federal petition is filed. Engle v. Isaac, 456 U.S. 107, 125-26 n. 28 (1982). A petitioner who has failed to timely pursue available state remedies must show cause for the procedural default and prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984).
 
 
 5
 In this case, the Oregon Parole Board decided to postpone Dorsey's parole release date for twenty months because of misconduct. Dorsey appealed the Board's decision to the Oregon Court of Appeals, arguing that the Board did not set forth sufficient reasons for its decision in the postponement order. The Court of Appeals affirmed the Board's decision without opinion. Dorsey then filed a petition for review to the Oregon Supreme Court, arguing again that the Board failed to set forth sufficient reasons for its decision. Dorsey also contended, for the first time, that the Board's decision violated his federal due process rights. The Oregon Supreme Court denied review without comment or citation.
 
 
 6
 In his federal habeas petition, Dorsey contends that the Board's decision violated his due process rights. This argument was not raised in the Oregon Court of Appeals.[1] The Oregon Supreme Court will not ordinarily consider any issue that was not raised in the Court of Appeals. Spady v. Graves, 770 P.2d 53, 56 (Ore.1989) (issue raised in petition for review by Supreme Court but not assigned as error to Court of Appeals will not be addressed by Supreme Court); Tarwater v. Cupp, 748 P.2d 125, 128 n. 5 (Ore.1988) (petitioner cannot argue or raise issue that was not before Court of Appeals in petition for review to Supreme Court). Because Dorsey submitted his claim for the first time to the Oregon Supreme Court in a procedural context in which it would not be considered absent special circumstances, he has not fairly presented his claim to the Oregon courts. See Castille, 489 U.S. at 351. Accordingly, we find that he has not exhausted his state remedies. See Middleton, 768 F.2d at 1086.
 
 
 7
 The district court determined that Dorsey had no available state remedies, and we agree. Dorsey is not entitled to review of his claim under the Oregon Post-Conviction Statute. See Ore.Rev.Stat. Sec. 138.540 (1991) (prisoner may challenge only the unlawfulness of his conviction under the statute). Further, it appears that Dorsey has no available remedy in state habeas corpus. See, e.g., Sweet v. Cupp, 640 F.2d 233, 238 (9th Cir.1981) (Oregon Post-Conviction Statute was intended, in large part, to replace the writ of habeas corpus). Dorsey has indicated no cause for failing to raise his due process claim in his initial brief to the Court of Appeals. Accordingly, we find that he has procedurally defaulted this claim. See Reed, 468 U.S. at 11.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Ore.R.App.P. 9.15, all petitions for review to the Oregon Supreme Court are first considered by the Court of Appeals as a petition for reconsideration of its decision. Dorsey argues that, because he first raised his argument in a petition for review, the Court of Appeals had the opportunity to pass on his due process claim. We reject this argument. By definition, a petition for reconsideration asks the court to reconsider its prior decision. Because Dorsey did not present his due process claim to the Court of Appeals initially, that Court could not reconsider the claim. See Beck v. James & Co., 631 P.2d 798, 798-99 (Ore.Ct.App.1981) (Court of Appeals denied petition for reconsideration raising three new issues, cautioning litigants that they must raise claims in their initial briefs to the Court of Appeals rather than in petition for review)