15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Terry James TUCKER, Petitioner-Appellant,
v.
Carl NINK, Warden A.S.P.C. Ft. Grant; Robert Corbin,
Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 92-16060.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 13, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Terry James Tucker appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for writ of habeas corpus. Tucker raised fifteen grounds for relief in his petition challenging his 1988 Arizona state convictions and sentences for burglary and possession of narcotics. The district court dismissed the petition without prejudice as a mixed petition of exhausted and unexhausted claims. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We review de novo a district court's decision of a petition for writ of habeas corpus. Admas v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. Sec. 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petitioner can satisfy the exhaustion requirement by giving the highest state court a fair opportunity to consider each of his claims before he presents them to the federal courts. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). A federal court must dismiss a petition for a writ of habeas corpus that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982).
 
 
 4
 Here, in 1988, Tucker was convicted of burglary. Tucker appealed his conviction and sentence to the Arizona Court of Appeals. Tucker raised the following claims: (1) the trial court improperly admitted Tucker's statements made to a security guard; (2) the trial court improperly admitted evidence of Tucker's prior arrests; (3) the state burglary statute is unconstitutionally vague; (4) the trial court improperly construed state law; (5) the trial court improperly relied on state law; (6) prosecutorial misconduct; (7) insufficient evidence; (8) the trial court improperly instructed the jury; (9) the trial court gave an erroneous jury instruction; and (10) the trial court improperly denied Tucker's motion for acquittal. The Court of Appeals affirmed the conviction and sentence and the Arizona Supreme Court denied review.
 
 
 5
 In 1988, following a guilty plea, Tucker was convicted of being in possession of a narcotic drug. Tucker appealed his conviction and sentence to the Arizona Court of Appeals. Tucker raised the following claims: (1) the indictment was obtained by improper and illegal means; (2) ineffective assistance of counsel; and (3) the trial court improperly accepted Tucker's plea. The Court of Appeals affirmed the conviction. Instead of seeking direct review of the Court of Appeals decision on the narcotics conviction, Tucker filed a "Writ of Special Action" with the Arizona Supreme Court. The Arizona Supreme Court dismissed the action and advised Tucker to seek post-conviction relief with the trial court. Tucker then filed a "Writ of Habeas Corpus" with the Arizona Supreme Court and that writ was dismissed.
 
 
 6
 On 22 February 1991, Tucker filed the instant petition for a writ of habeas corpus challenging both his state law convictions. Tucker raised the following claims: (1) failure to establish personal and subject matter jurisdiction; (2) failure to commit the petitioner; (3) failure to file an information; (4) arrest warrant issued in a prolonged pretrial incarceration without benefit of judicial determination; (5) abuse of grand jury; (6) unconstitutionally impaneled grand jury; (7) failure to examine, qualify, and charge the grand jury; (8) forged instruments; (9) unconstitutionally impaneled trial jury; (10) the trial court was without jurisdiction to accept a guilty plea; (11) manifest injustice; (12) insufficient evidence; (13) improper sentence; (14) unconstitutional sentence; and (15) unlawful order of commitment to the Arizona Department of Corrections.
 
 
 7
 The district court found that claims eleven, twelve, and fourteen had been exhausted to the extent that these claims relate to Tucker's burglary conviction and sentence. The district court further found that Tucker had procedurally defaulted on claims five, ten, eleven, and twelve to the extent that these claims relate to Tucker's narcotics conviction and sentence.[1] The district court further found that Tucker had not exhausted all remaining claims. We agree. Because Tucker has not properly presented these claims to Arizona's highest court, he has not exhausted his available state court remedies.[2] See Picard, 404 U.S. at 275-76; Middleton, 768 F.2d at 1086. Accordingly, the district court properly dismissed Tucker's petition because it contained both exhausted and unexhausted claims. See Rose, 455 U.S. at 522.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Tucker's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In view of our disposition, we express no opinion on the district court's finding that these claims were procedurally defaulted
 
 
 [2]
 Tucker argues that he presented these claims to the Arizona Supreme Court in his "Writ of Special Action" and "Writ of Habeas Corpus." Because Tucker's claims would have been cognizable in an Ariz.R.Crim.P. 32 petition for post-conviction relief, Tucker cannot exhaust his state remedies by presenting his claims to the Arizona Supreme Court in petitions for special "writs." See Castille v. Peoples, 489 U.S. 346, 351 (1988) (explaining that the exhaustion requirement is not satisfied, if federal claims are presented to the highest state court for the first time in a procedural context in which review is discretionary, and the merits will be considered only if there are "special and important reasons")
 
 
 [3]
 Upon review of Tucker's remaining motions, we conclude that each is without merit and deny all pending motions