24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry M. WILSON, Petitioner-Appellant,
v.
Lloyd F. HAMES, Commissioner of Corrections, State of
Alaska, Respondent-Appellee.
 No. 93-35149.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry M. Wilson, an Alaska state prisoner, appeals the dismissal of his 28 U.S.C. Sec. 2254 petition. Wilson was convicted in Fairbanks of a felony assault committed in Delta Junction. He claimed in his Sec. 2254 petition and contends on appeal, that the district court erred by finding that the Sixth Amendment was not violated in the application of the Alaska state venue rule and that he waived his right to request a change of venue by failing to object until the morning of trial. We have jurisdiction under 28 U.S.C. Secs. 1291, 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 First, Hames contends that the district court erred in finding that Wilson had exhausted his state court remedies prior to bringing his habeas corpus petition. This contention lacks merit.
 
 
 4
 Exhaustion of state remedies is a prerequisite to federal habeas relief. 28 U.S.C. Sec. 2254(b), (c); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir.1991). The requirement of exhaustion is met when the state courts have been provided with a fair opportunity to apply the controlling legal principles to the facts of the petitioner's federal constitutional claim. Anderson v. Harless, 459 U.S. 4, 6 (1982); Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993).
 
 
 5
 Wilson, while acting pro se, protested venue to the state trial court, and later to the Alaska intermediate Court of Appeals and cited to Alvarado v. State, 486 P.2d 891 (Alaska 1971) which relied heavily upon the Sixth Amendment. Wilson relied upon this same authority when he petitioned for discretionary review to the Alaska Supreme Court.
 
 
 6
 Wilson provided the state courts with the operative facts and legal theories upon which he bases his Sixth Amendment claim. See Anderson, 459 U.S. at 6; Henry, 993 F.2d at 1425. Therefore, Wilson's Sixth Amendment claim has been exhausted.
 
 
 7
 Second, Wilson contends that he is in custody in violation of the Sixth Amendment because Alaska's venue rule subjected him to trial in Fairbanks rather than in Delta Junction where the criminal act occurred. This contention lacks merit.
 
 
 8
 A writ of habeas corpus may not be used to address an alleged error by the state court in interpreting or applying state law. Engle v. Issac, 456 U.S. 107, 119 (1982); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). However, there is a Sixth and Fourteenth Amendment right to a jury selected from a fair cross-section of the community. U.S. Const., art. II, Sec. 2, cl. 3; Duren v. Missouri, 439 U.S. 357, 359 (1978). Alaska R.Crim.P. 18(b) provides that when a trial request is made, the case is initially assigned to the existing court location nearest to the site of the alleged crime in the venue district that has a judge and facilities for the jury.[1] Additionally, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).
 
 
 9
 The felony assault occurred in Delta Junction. The parties agree that felonies which occur in Delta Junction are routinely brought before a Fairbanks Grand Jury. Delta Junction has facilities for a trial but no resident superior court judge.
 
 
 10
 We are bound by the Alaska state court's interpretation of Rule 18(b) to mean that venue exists in the district nearest to the site of the alleged crime with the facilities and a resident superior court judge. See Oxborrow, 877 F.2d at 1399. This interpretation of venue does not infringe upon the Sixth Amendment right to a jury selected from a cross-section of the relevant community, or to be tried in the district where the alleged crime occurred. See Duren, 439 U.S. at 359.
 
 
 11
 Third, Wilson contends that he did not waive his right to object to venue by failing to raise the objection before trial. This contention lacks merit.
 
 
 12
 Alaska R.Crim.P. 18(e) provides that the right to venue in a given location may be waived by the inaction of the defendant or his attorney.[2] This provision is consistent with federal law which provides that the right to a change of venue may be forfeited, and does not need to be waived personally by the defendant. United States v. Roberts, 618 F.2d 530, 537 (9th Cir.1980), cert. denied, 452 U.S. 942 (1981).
 
 
 13
 Wilson failed to move for a change of venue to Delta Junction until the morning of his trial. He blames his inaction upon his attorney's failure to inform him that the trial would be held in Fairbanks, and alternatively argues that since his case was never initially assigned a venue he never had a procedural opportunity to object to venue before trial.
 
 
 14
 His motion was untimely as it occurred long after the entry of his plea which would have entitled him to a change of venue as of right pursuant to Rule 18(e). The fact that his attorney failed to inform him of the trial location, is irrelevant to this habeas action. Wilson was arraigned in Fairbanks, which was the nearest location with a resident judge and facilities for a jury. See Alaska R.Crim.P. 18(b). Whether the case was actually assigned there is unimportant as Rule 18(e) preserved Wilson's right to change venue upon a motion made prior to the entry of his plea. He failed to meet this deadline. Venue can be waived by either the defendant or his attorney, and there is no constitutional requirement that the attorney tell the defendant of venue, especially when venue is clearly stated in the state criminal code. See Roberts, 618 F.2d at 537. Under these circumstances, the district court did not err in dismissing Wilson's petition for habeas relief.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alaska R.Crim.P. 18(b) provides:
 Trial Location Assignment. When a request for trial is made, all cases shall be initially assigned to:
 (1) The existing court location;
 (2) Nearest to the situs of the alleged crime;
 (3) Within the venue district;
 (4) That has a judge and facilities for either a six-person or twelve-person jury as is necessary to the case.
 
 
 [2]
 Rule 18(e) provides:
 Motion by Right. After assignment to an initial existing court location, a defendant may move by right for the setting of venue in an approved trial site location if such location is the community within the venue district with trial facilities nearest the place where the alleged crime was committed.
 This right is waived unless requested by the defendant or the defendant's attorney prior to or at the entry of a plea in felony cases, or within five days of the entry of a plea in misdemeanor cases.