32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell CHERRY, Petitioner-Appellant,
v.
Robert WRIGHT, Superintendent, Respondent-Appellee.
 No. 93-36165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Darrell Cherry appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions of attempted murder in the first degree and endangerment of life and property with explosives. Cherry appeals the denial of the following claims: (1) improper admission of opinion evidence regarding a witness' demeanor during an investigative interview; and (2) unconstitutional search and seizure. Cherry also appeals the dismissal of several claims from which he procedurally defaulted in his state habeas proceedings. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.[1]
 
 Improper admission of opinion evidence
 
 3
 A federal habeas corpus court has no authority to review a state's application of its own laws, but rather must determine whether a prisoner's constitutional or other federal rights have been violated. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990). Generally, the admissibility of evidence is a matter of state law, and is not reviewable in a federal habeas corpus proceeding. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.), cert. denied, 478 U.S. 1021 (1985). When a petitioner challenges the admission of evidence, the court should not grant habeas corpus relief unless the evidence is so prejudicial that it violated the petitioner's federal due process right to a fair trial. Estelle, 112 S.Ct. at 482; Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).
 
 
 4
 Cherry contends that the trial court erroneously admitted a detective's opinion that Cherry's ex-wife appeared sincere and honest during an investigative interview. The prosecution had introduced this opinion evidence after Cherry's wife testified to certain facts which contradicted prior statements she had made to the detective. Although the state appellate court found that this opinion testimony lacked a proper foundation, it concluded that the admission of the detective's testimony was harmless because it was used to impeach a witness, and was not used as an opinion regarding Cherry's guilt. See Middleton, 768 F.2d at 1085. Because Cherry failed to demonstrate how the admission of the evidence rendered his trial fundamentally unfair, this claim is not cognizable in a federal habeas proceeding. See Estelle, 112 S.Ct. at 480; Gordon, 895 F.2d at 613.
 
 Fourth Amendment search and seizure claim
 
 5
 Federal habeas corpus review does not extend to Fourth Amendment claims where the state has provided an opportunity to fully and fairly litigate the issue. Stone v. Powell, 428 U.S. 465, 474 (1976). It is irrelevant whether the petitioner actually litigated his Fourth Amendment claim because the Constitution only requires that he be given the opportunity to litigate the claim. Gordon, 895 F.2d at 613.
 
 
 6
 Here, Cherry offers no evidence that he was deprived of an opportunity for full and fair litigation of his Fourth Amendment claims that government officials conducted an illegal search and seizure of his residence. Thus, Cherry is precluded from raising this claim in his 28 U.S.C. Sec. 2254 petition. See Stone, 428 U.S. at 474; Gordon, 895 F.2d at 613.
 
 Procedurally defaulted claims
 
 7
 Under the independent and adequate state ground doctrine, federal courts generally may not review a case where a state law default precludes the state from deciding on the merits. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). However, collateral review is permitted if a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Attorney error cannot constitute cause to excuse the default if the petitioner had no constitutional right to counsel in the proceeding in which the default occurred. Id. at 2568; Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir.1989). A criminal defendant does not have a constitutional right to assistance of counsel on discretionary review. Pennsylvania v. Finely, 481 U.S. 551, 555 (1987).
 
 
 8
 Following his convictions, Cherry filed a direct appeal to the Washington Court of Appeals raising the following claims: (1) improper jury instruction; (2) improper admission of opinion evidence regarding Cherry's demeanor during an investigative interview; (3) prosecutorial misconduct; (4) state's intentional delay of disclosing a material witness; (5) exclusion of relevant exculpatory evidence; (6) admission of improper evidence regarding another bombing committed by another person; and (7) insufficient evidence to make a prima facie case. After the appellate court denied this appeal, Cherry filed a petition for discretionary review with the state supreme court raising two new issues: (1) the existence of probable cause to issue a search warrant; and (2) the admissibility of opinion evidence regarding his ex-wife's demeanor during an investigative interview. After the state supreme court denied this petition, Cherry filed a state habeas petition raising the claims which he had abandoned on direct appeal. Because Cherry had failed either to present new evidence, or to claim an intervening change of law pursuant to In re Taylor, 717 P.2d 755 (1986), the state appellate court denied his petition, holding that he was procedurally barred from reasserting the claims. See Nunnemaker, 111 S.Ct. at 2593; Thomas, 945 F.2d at 1122.
 
 
 9
 To excuse his default, Cherry claims that his counsel was ineffective for failing to raise the claims in his petition for discretionary review to the Washington Supreme Court. However, Cherry cannot claim ineffective assistance of counsel as cause for his procedural default. See Coleman, 111 S.Ct. at 2568; Finely, 481 U.S. at 555; Miller, 882 F.2d at 1432. Moreover, Cherry fails to show any other cause for and actual prejudice from the procedural default, or that the failure to consider his claims would result in a fundamental miscarriage of justice. Thus, Cherry is barred from raising these issues in his federal appeal. See Coleman, 111 S.Ct. at 2565.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Cherry's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition in this case, appellant's July 18, 1994 motion for appointment of counsel is denied. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (a finding of exceptional circumstances to warrant the appointment of counsel requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved)