**James Steven ELY, Petitioner,**

v.

**Cal TERHUNE (D.O.C.), Mr. Galaza, (Warden CSP–COR), Respondents.**

**No. CV 00–0837–CBM (RC).**

United States District Court, C.D. California.

Dec. 12, 2000.

James S. Ely, Corcoran, CA, pro se.

Carol Wendelin Pollack, Ana R. Duarte, Office of Atty. General, Los Angeles, CA, for Cal Terhune, Mr. Galaza.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

CONSUELO B. MARSHALL, District Judge

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the petition for writ of habeas corpus and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the

Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Consuelo B. Marshall, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On November 15, 1996, in the Superior Court for the County of Los Angeles, petitioner James Steven Ely was convicted by a jury of second degree burglary, in violation of California Penal Code ("P.C.") § 459, and the jury separately found that petitioner had suffered two prior serious felony convictions within the meaning of the "Three Strikes" law (P.C. §§ 1170.12(a)-(d) and 667(b)-(i)). Motion to Dismiss ("Motion"), Exh. A at 9–10. The petitioner was sentenced to 25 years to life. Motion, Exh. A at 11, Exh. B.

The petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in an unpublished opinion filed March 6, 1998. Motion, Exhs. C–F. Thereafter, petitioner sought review in the California Supreme Court, which denied review on May 20, 1998. Motion, Exhs. G, H.

### II

The California Court of Appeal, in affirming the petitioner's conviction, made the following findings of the facts and circumstances underlying the conviction:[1]

Early in the morning on June 17, 1996, petitioner and another man broke into a locked office of a Van Nuys car wash and tripped the alarm. Shortly thereafter, Stephen Ladanyi, the owner of the car wash, arrived on the premises. Ladanyi tried several times to unlock the front door but each time the lock was turned back. Ladanyi then went to his car and telephoned the police. At that time, petitioner and his cohort ran out of the office and down the street.

Approximately a half-hour later, petitioner was arrested and gave the police a false name. He was identified by Luz Ortiz, who lived next to the car wash, as being one of the men who ran out of the office. A bolt cutter, crowbar, some screwdrivers and a hacksaw were found inside the car wash office. None of these belonged to Ladanyi. In addition, petitioner possessed a set of keys taken from the office.

The petitioner testified in his own defense that he went to the car wash to look for loose change, since he was homeless and earned his living by scavenging. There, petitioner saw another man standing on the roof. The man ran away after the alarm had sounded, dropping some change and a set of keys. The petitioner picked up the items. He admitted giving the police a false name; however, he claimed he did so because he was afraid he would be hassled, given his criminal record. Finally, petitioner denied he had committed the burglary.

### III

On February 2, 1999, petitioner filed his first federal petition for writ of habeas corpus, *Ely v. Lundgren,* case no. CV 99–1118–CBM (RC) ("Ely I"), which was summarily dismissed without prejudice on March 10, 1999, for lack of personal jurisdiction due to petitioner's failure to name the proper respondent.

---

1. Motion, Exh. F at 154–55.

On April 20, 1999, petitioner filed his second federal habeas corpus petition, *Ely v. Terhune,* case no. CV 99–4139–CBM (RC) ("Ely II"), which was summarily dismissed without prejudice on October 13, 1999, due to petitioner's failure to exhaust his state court remedies on Ground Four.[2] The following grounds for relief were raised in Ely II:

Ground One—"Denial of trial by jury due to court instructing [sic] the jury not to consider sentencing";

Ground Two—"Denial of due process and equal protection" in that petitioner was given 25 years to life for a "wobbler" crime; whereas, other felons with more serious and violent crimes plea bargain and obtain lesser sentences than under the "Three Strikes" law;

Ground Three—"Cruel and unusual punishment" regarding petitioner's sentence; and

Ground Four—"Impanelment of an anonymous jury without good cause shown violates [petitioner's right to] trial by an *unbiased* jury . . . ."

On January 26, 2000, petitioner filed the instant petition for writ of habeas corpus. On March 29, 2000, respondents filed a motion to dismiss, arguing the instant petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The respondents answered the petition on April 19, 2000. The petitioner did not file a traverse.

The pending petition raises the following claims:[3]

Ground One—"Denial of trial by jury—court instructed the jury not to consider sentencing";

Ground Two—"Denial of due process and equal protection—the term of 25 years to life for a 'wobbler offense' (second de-

gree burglary) is cruel and unusual punishment";

Ground Three—"Denial of due process and equal protection" in that the "Three Strikes" law is "arbitrary and irrational"; and

Ground Four—"Abuse of discretion by trial court—by its failure to use its discretion to dismiss a strike or to impose a misdemeanor sentence." Petition at 6–8.

## DISCUSSION

### IV

The petitioner's claims must be considered in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),[4] which worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997).

The AEDPA specifically provides for a one year statute of limitations:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the California Supreme Court denied petitioner's request for review on

---

2. In summarily dismissing without prejudice Ely II, this Court erroneously failed to offer petitioner an opportunity to amend the petition to strike Ground Four, the unexhausted claim. *See James v. Giles,* 221 F.3d 1074, 1077 (9th Cir.2000).

3. The instant petition no longer raises Ground Four raised in Ely II.

4. Pub.L. No. 104–132, 110 Stat. 1214.

May 20, 1998. Motion, Exh. H. Following denial of review by the California Supreme Court, a state prisoner may seek review on certiorari from the United States Supreme Court. 28 U.S.C. § 1257. Review by certiorari must be sought within ninety days after denial of the petition for review by the highest state court. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13.1. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety-day period. *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, the direct review process ended on August 18, 1998, and he had one year, or through August 17, 1999, to file a federal habeas petition. 28 U.S.C. § 2244(d).

■ Since petitioner did not file any state applications for collateral relief, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2). *See* Petition at 4–5. Nevertheless, the limitations period may be equitably tolled "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim...." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999); *Calderon v. United States District Court for Central Dist. of Cal. (Kelly),* 163 F.3d 530, 541–42 (9th Cir.1998), *cert. denied,* 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); *Calderon v. United States District Court for Central Dist. of Cal. (Beeler),* 128 F.3d 1283, 1289 (9th Cir.1997), *cert. denied,* 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998), *overruled in part on other grounds* by *Kelly,* 163 F.3d at 540, *cert. denied,* 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999).

■ Grounds exist, here, to equitably toll the statute of limitations due to this Court's failure to offer petitioner an opportunity to amend the habeas corpus petition prior to dismissing without prejudice Ely II. After Judgment was entered in Ely II, the Ninth Circuit held that a district court must grant a habeas petitioner leave to amend a "mixed petition" to delete any unexhausted claims before dismissing without prejudice the petition for failure to exhaust state court remedies. *James,* 221 F.3d at 1077. Since Ely II was timely filed on April 20, 1999, and it raised all of the federal claims currently pending before this Court, the Court will address petitioner's federal claims. *See Kelly,* 163 F.3d at 541–42 ("[K]elly had timely ... habeas proceedings pending at one time.... [T]hose proceedings were mistakenly dismissed.... This judicial error presents an independent ground to toll the statute of limitations...."). Alternatively, tolling the limitations period while Ely II was pending, or for 177 days, this Court finds the current petition to have been timely filed. *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

## V

The Antiterrorism and Effective Death Penalty Act of 1996 provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim[¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The United States Supreme Court has recently clarified the meaning of the key clauses in Section 2254(d):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]

Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identified the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies the principle to the facts of the [petitioner's] case.

*Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *see also Van Tran v. Lindsey,* 212 F.3d 1143, 1153 (9th Cir.2000) ("[A]n 'unreasonable application' of clearly established federal law [occurs] when [this Court's] independent review of the legal question does not merely allow [it] ultimately to conclude that the petitioner has the better of two reasonable legal arguments, but rather leaves [the Court] with a 'firm conviction' that one answer, the one rejected by the [state] court, was correct, and the other, the application of the federal law that the [state] court adopted, was erroneous—in other words that clear error occurred."), *cert. denied,* —— S.Ct. ——, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

█ Further, under the AEDPA, a federal court shall presume that the determination of a factual issue made by a state court is correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

█ The California Supreme Court reached the merits of petitioner's claims when it denied his petition for review without citation to authority or a written opinion. *Hunter v. Aispuro,* 982 F.2d 344, 348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). However, "where there has been one reasoned state judgment rejecting a federal

claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991). Thus, this Court must consider the opinion of the California Court of Appeal, which issued a reasoned decision.

## VI

█ "[W]hen a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States,* 512 U.S. 573, 579, 114 S.Ct. 2419, 2424, 129 L.Ed.2d 459 (1994) (quoting *Rogers v. United States,* 422 U.S. 35, 40, 95 S.Ct. 2091, 2095, 45 L.Ed.2d 1 (1975)); *see also United States v. Olano,* 62 F.3d 1180, 1201 (9th Cir.1995) ("[I]t is inappropriate for a jury to consider or be informed of the consequences of their verdict."). Under California law, juries in noncapital cases have no sentencing function. *See People v. Allison,* 48 Cal.3d 879, 892, 258 Cal.Rptr. 208, 217, 771 P.2d 1294 (1989) ("A defendant's possible punishment is not a proper matter for the jury's consideration in determining guilt or innocence."), *cert. denied,* 494 U.S. 1090, 110 S.Ct. 1835, 108 L.Ed.2d 964 (1990); *People v. Allen,* 29 Cal.App.3d 932, 936, 106 Cal.Rptr. 43, 46 (1973) ("It is settled that in the trial of a criminal case the trier of fact is not to be concerned with the question of penalty, punishment or disposition in arriving at a verdict as to guilt or innocence."). Thus, there is no merit to petitioner's claim in Ground One.

In denying this claim, the California Court of Appeal correctly held:

> [The petitioner] contends that the court erred in giving the jury CALJIC No. 17.42 [5], which tells the jurors that they may not discuss or consider [petitioner's] possible punishment in this third

---

5. CALJIC No. 17.42, as given to the jury, read:

   In your deliberations the jury is not to discuss or consider the subject of penalty or

punishment. That subject must not in any way affect your verdict.
Reporter's Transcript ("RT") 298; Clerk's Transcript ("CT") 100.

strike case. We disagree. Although a jury does have the power of nullification, that is, it may acquit the defendant notwithstanding evidence of guilt, California cases universally "reject suggestions that the jury be informed of that power, much less invited to use it." We concur with the result of these cases and reject [petitioner's] request to reach a contrary result.

Motion, Exh. F at 156 (citations omitted, footnote added).

■ Because petitioner has no constitutional right to have the jury informed of the sentence he faced if convicted, the California courts' denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d).

## VII

In Grounds Two[6] and Three, petitioner claims his sentence of twenty-five years to life violates his right to due process and equal protection of the laws[7] and constitutes cruel and unusual punishment.

The federal courts have adamantly refused to extend the principle of proportionality as a component of the cruel and unusual punishment standard under the Eighth Amendment beyond the specific confines of death penalty jurisprudence. In *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), for example, the Supreme Court rejected the prisoner's contention that the Eighth Amendment requires an individualized determination of appropriateness when a prisoner is sentenced to life in prison **without** the possibility of parole. *Harmelin,* 501 U.S. at 994–996, 111 S.Ct. at 2701–02; *see also United States v. LaFleur,* 971 F.2d 200, 211 (9th Cir.1991) ("a mandatory life sentence for murder does not constitute cruel and unusual punishment," even though there is no individual assessment of sentence), *cert. denied,* 507 U.S. 924, 113 S.Ct. 1292, 122 L.Ed.2d 683 (1993); *United States v. Van Winrow,* 951 F.2d 1069, 1071 (9th Cir.1991) (mandatory sentence of life without possibility of parole does not violate Eighth Amendment although judge is precluded from considering mitigating circumstances). The Supreme Court has specifically noted the "qualitative difference between death and all other penalties." *Harmelin,* 501 U.S. at 995, 111 S.Ct. at 2702; *see also Furman v. Georgia,* 408 U.S. 238, 306, 92 S.Ct. 2726, 2760, 33 L.Ed.2d 346 (1972) (Stewart, J., concurring) ("The penalty of death differs from all other forms of criminal punishment, not in degree but in kind."); *Coleman v. McCormick,* 874 F.2d 1280, 1288 (9th Cir.) ("The finality and severity of a death sentence makes it qualitatively different from all other forms of punishment."), *cert. denied,* 493 U.S. 944, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989).

■ As a result, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be extremely rare." *Solem v. Helm,* 463 U.S. 277, 289–90, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983) (citation and internal punctuation omitted). In non-capital cases, "[t]he Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Bland,* 961 F.2d 123, 129 (9th Cir.) (internal punctuation omitted) (quoting *Harmelin,* 501 U.S. at 1001, 111 S.Ct. at 2705 (Kennedy, J., concurring)), *cert. denied,* 506 U.S. 858, 113 S.Ct. 170, 121 L.Ed.2d 117 (1992); *United States v. Harris,* 154 F.3d 1082, 1084 (9th Cir.1998).

6. The respondents argue that Ground Two is unexhausted. Answer at 7–8. The Court finds this argument to be judicially estopped since petitioner raised the same claim in Ely II and respondents did not, there, argue it was unexhausted. *See* Ely II, Motion to Dismiss at 5–7. Even if not judicially estopped, this Court finds that Ground Two has been exhausted. *See* Motion, Exh. E at 17–29.

7. The petitioner claims that his sentence is disproportionate to his crime and to lesser sentences received by persons who commit serious or violent felonies, especially those who enter into plea bargain agreements in exchange for reduced sentences. Petition at 6–8.

In judging the appropriateness of a particular sentence, courts should "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that the trial courts possess in sentencing convicted criminals." *Solem,* 463 U.S. at 290, 103 S.Ct. at 3009. This includes taking into account the state's interest in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal laws. *Rummel v. Estelle,* 445 U.S. 263, 276, 100 S.Ct. 1133, 1140, 63 L.Ed.2d 382 (1980); *see also Solem,* 463 U.S. at 296, 103 S.Ct. at 3013 ("a State is justified in punishing a recidivist more severely than it punishes a first offender"). A punishment within the legislatively mandated guidelines is presumptively valid. *Rummel,* 445 U.S. at 275–76, 100 S.Ct. at 1140; *United States v. Mejia–Mesa,* 153 F.3d 925, 930 (9th Cir.1998).

The California Court of Appeal, in affirming petitioner's conviction, found that his sentence did not constitute cruel and unusual punishment:

We further reject [petitioner's] contention that his sentence constitutes cruel and unusual punishment.... Relevant factors to be considered include the nature of the offense and the offender, the penalties for different offenses in this state, and the penalties for the same "offense" in other jurisdictions. [¶] As noted, in the short span of seven years, [petitioner] has been convicted of three burglaries, two of which were of residences. He has suffered punishment by imprisonment for his past behavior, and

was on parole at the time the instant crime was committed. Yet [petitioner] chose to continue to engage in criminal conduct. Moreover, [petitioner] is unwilling to accept responsibility for the motivation for his destructive criminal behavior, that is, his drug addiction. Instead, he blames others for failing to offer him rehabilitative services. [The petitioner] is an adult and must take responsibility for his imprudent decisions. Given the foregoing, we do not find [petitioner's] life sentence to be so disproportionate "that it shocks the conscience and offends fundamental notions of human dignity."

Motion, Exh. F at 158 (citations omitted).

Moreover, the petitioner's sentence is within the statutory requirements of the "Three Strikes" law, based upon his recent felony conviction and two prior felony convictions. *See* P.C. § 1170.12(c)(2).[8] Consequently, the sentence is presumptively valid. *Rummel,* 445 U.S. at 275–76, 100 S.Ct. at 1140; *Mejia–Mesa,* 153 F.3d at 930. The petitioner's criminal record supports a finding that he is a recidivist who may be punished more severely than a first offender. *Solem,* 463 U.S. at 296, 103 S.Ct. at 3013. Nor is petitioner's sentence extreme or disproportionate in comparison to other sentences which the Supreme Court has affirmed in face of disproportionality challenges. *See Harmelin,* 501 U.S. at 1002–04, 111 S.Ct. at 2705–06 (affirming a sentence of life without parole for a first offense of possession of 672 grams of cocaine); *Hutto v. Davis,* 454 U.S. 370, 370–71, 375, 102 S.Ct. 703, 703–04, 706, 70 L.Ed.2d 556 (1982) (per curiam) (rejecting challenge to a 40–year sentence for possession of approximately nine

---

**8.** Penal Code § 1170.12(c)(2) provides in relevant part:

(c) For the purposes of this section, and in addition to any other enhancements or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

\*      \*      \*      \*      \*      \*

(2)(A) If a defendant has two or more prior felony convictions ... that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of [¶] (i) three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions, or [¶] (ii) twenty-five years....

ounces of marijuana); *Rummel,* 445 U.S. at 265, 100 S.Ct. at 1134 (upholding life sentence under recidivist statute for uttering "no account" check for $100, where two earlier felonies involved theft of less than $129.00).

Therefore, the California courts' denial of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d).

## VIII

 In conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas relief does not lie for errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 479, 116 L.Ed.2d 385 (1991); *Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir.1991); *Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir.1990). Absent fundamental unfairness, federal habeas relief is not available for a state court's misapplication of its own sentencing laws. *See Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir.1994) (holding petitioner not entitled to habeas relief on claim state court improperly used petitioner's prior federal offense to enhance punishment); *Miller v. Vasquez,* 868 F.2d 1116, 1118–19 (9th Cir.1989) (holding claim that prior conviction was not "serious felony" under California's sentencing law not cognizable in federal habeas proceeding).

In Ground Four, petitioner claims that the trial court abused its discretion by (a) refusing to strike one of petitioner's prior "strike" convictions; and (b) refusing to reduce his second degree burglary conviction to a misdemeanor. Petition at 7–8. This claim is not cognizable in a federal habeas proceeding.

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recom-

mendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered denying the petition and dismissing and the action with prejudice.

November 13, 2000.