Tracy NELSON, Petitioner,

v.

**M. BITER, Respondent.**

No. CV 13–07893–MWF (VBK).

United States District Court,
C.D. California,
Western Division.

Signed June 17, 2014.

Tracy Nelson, Delano, CA, pro se.

Kenneth C. Byrne, Office of Attorney General, Los Angeles, CA, for Respondent.

# ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

MICHAEL W. FITZGERALD, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("Report").

**IT IS ORDERED** that: (1) the Court accepts the findings and recommendations of the Magistrate Judge, and (2) the Court declines to issue a Certificate of Appealability ("COA").[1]

# REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

VICTOR B. KENTON, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Michael W. Fitzgerald, United States District Judge, pursuant to the provisions of 28 U.S.C.

---

1. Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court has accepted the Magistrate Judge's finding and conclusion that the Petition fails to state a cognizable claim. Thus, the Court's determination of whether a Certificate of Appealability should issue here is governed by the Supreme Court's decision in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484, 120 S.Ct. 1595. As the Supreme Court further explained:

"Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485, 120 S.Ct. 1595.

Here, the Court finds that Petitioner has failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

§ 636 and General Order 05–07 of the United States District Court for the Central District of California.

## INTRODUCTION

On October 25, 2013, Tracy Nelson (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Central District of California. On February 24, 2014, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and Authorities" ("MTD") and "Notice of Lodging." On February 28, 2014, the Court issued a Minute Order ordering Petitioner to file an Opposition or Statement of Non–Opposition to Respondent's Motion to Dismiss.

On March 17, 2014, Petitioner filed an "Opposition to Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and Authorities."

Having reviewed the allegations of the Petition and the matters set forth in the record and the parties' filings, it is recommended that the Petition be denied and the case be dismissed with prejudice.

## PRIOR PROCEEDINGS

On October 21, 1996, Petitioner was convicted by a jury in Los Angeles County Superior Court of second degree robbery in violation of California Penal Code ("PC") 211. The jury further found true that Petitioner had suffered two prior serious or violent felony convictions in violation of PC §§ 667(a)(1), 667(b)-(i), 1170.12(a)(d) and had served two prior prison terms in violation of PC § 667.5(b). On December 6, 1996, Petitioner was sentenced to state prison for 35 years to life under California's Three Strikes Law. (Lodged Document No. 1.)

Petitioner appealed. On November 5, 1997, the California Court of Appeal affirmed the conviction. (Lodged Document No. 2.) Petitioner did not seek review in the California Supreme Court.

On December 26, 2012, Petitioner filed a petition to recall his sentence pursuant to PC § 1170.126 in the Los Angeles County Superior Court. That petition was denied on February 25, 2013. (Lodged Document No. 3.)

On May 13, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. (Lodged Document No. 4.) The petition was denied on the merits on May 31, 2013. (Lodged Document No. 5.)

On July 15, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court. (Lodged Document No. 6.) The California Supreme Court denied the petition · on September 18, 2013. (Lodged Document No. 7.)

## PETITIONER'S CONTENTIONS

Petitioner contends that he is entitled to resentencing pursuant to PC § 1170.126 as the robbery he committed did not involve force or injury to the victim. (*See* Petition at 5.)

## DISCUSSION

In the Motion to Dismiss, Respondent contends that the Petition should be dismissed on the grounds that it fails to state a cognizable federal habeas claim.

## I

## STANDARD OF REVIEW

### A. Procedural Grounds for Motion to Dismiss.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing Section 2254 Cases.

 The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g., O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir.1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); *White v. Lewis,* 874 F.2d 599, 602–03 (9th Cir.1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); *Hillery v. Pulley,* 533 F.Supp. 1189, 1194 & n. 12 (E.D.Cal.1982) (same); *Gutierrez v. Griggs,* 695 F.2d 1195, 1198 (9th Cir.1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated."); *Vargas v. Adler,* 2010 WL 703211, at *2 (E.D.Cal.2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. *See Hillery,* 533 F.Supp. at 1194 & n. 12.

In this case, the Motion to Dismiss is based on Respondent's contention that Petitioner fails to state a federal constitutional claim upon which habeas relief can be granted. Since such a motion places the case in a procedural posture similar to those noted above by the Ninth Circuit, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

## II

### *PETITIONER FAILS TO PRESENT A FEDERAL CONSTITUTIONAL CLAIM*

Petitioner contends that he is entitled to resentencing pursuant to PC § 1170.126 as the robbery he committed did not involve force or injury to the victim.[1] (*See* Petition at 5.) Petitioner raised this claim in the state courts. The California Court of Appeal addressed Petitioner's claim and found that Petitioner's current offense, robbery, is a serious or violent felony. (PC §§ 1192.7(c)(19), 667.5(c)(9)), which means Petitioner does not qualify for resentencing under PC § 1170.126. (*See* Lodged Document No. 5.) Petitioner raised the claim in the California Supreme Court, which was denied. (Lodged Document No. 7.)

 A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts, *see Middleton v. Cupp,* 768 F.2d 1083, 1085 (9th Cir. 1985), and is unavailable for alleged errors in the interpretation or application of state law, *see Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). Because state courts are the ultimate expositors of state law, the federal courts are bound by their constructions and limited to deciding whether a conviction violates the Constitution, laws or treaties of the United

---

1. As explained in *People v. Yearwood,* 213 Cal.App.4th 161, 168, 151 Cal.Rptr.3d 901 (2013), Section 1170.126 of the California Penal Code "created a post conviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to the public safety."

States. *See Bonin v. Calderon,* 59 F.3d 815, 841 (9th Cir.1995).

▌ Generally, matters relating to state sentencing are not cognizable under federal habeas review. *Miller v. Vasquez,* 868 F.2d 1116, 1118–19 (9th Cir.1989) (holding that a question of whether a prior conviction qualifies for sentence enhancement under California law is not a cognizable federal habeas corpus claim). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir.1994). "A habeas petitioner must show that an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process" violation." *Richmond v. Lewis,* 506 U.S. 40, 50, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992).

▌ Petitioner's claim only concerns state sentencing law and does not implicate a federal constitutional right. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (no federal habeas relief for alleged errors in interpretation or application of state law); *Souch v. Schaivo,* 289 F.3d 616, 622–23 (9th Cir.2002) (state prisoner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim); *Ely v. Terhune,* 125 F.Supp.2d 403, 411 (C.D.Cal.2000) (claim that trial court abused its discretion by refusing to strike a prior conviction not cognizable on federal habeas review); *Furr v. Cate,* No. ED CV 10–01275–SJO (VBK), 2011 WL 2563176, at *5 (C.D.Cal. 2011) (habeas claim that state court refused to not consider prior strike at sentencing pursuant to *People v. Romero* [13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996) ] not cognizable on federal habeas review).

A violation of state law standing alone is not cognizable in federal court on habeas. *Park v. California,* 202 F.3d 1146, 1149 (9th Cir.2000); *Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir.1991); *see also Dugger v. Adams,* 489 U.S. 401, 409, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989). The Supreme Court has stated many times that "federal habeas corpus relief does not lie for errors of state law," *Swarthout v. Cooke,* 562 U.S. 216, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011), and that such errors "are not cognizable under federal habeas proceedings;" *cf. Bradshaw v. Richey,* 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.)."

Accordingly, whether a state court properly construed or applied state sentencing law is a question of state law not subject to federal habeas review. *Miller v. Vasquez,* 868 F.2d 1116, 1118–19 (9th Cir.1989); *accord Cacoperdo v. Demosthenes,* 37 F.3d 504, 507–08 (9th Cir.1994) (state court's determination of sentence was "matter of state criminal procedure and is not within the purview of federal habeas corpus").

Here, as noted above, Petitioner was sentenced under California's "Three Strikes Law." Petitioner claims that he is entitled to resentencing pursuant to PC § 1170.126, which was enacted after Proposition 36 was approved by the California voters on November 6, 2012. Section 1170.126 permits defendant who were sentenced to indeterminate life terms under the "Three Strikes Law" to request that their sentences be recalled and that they be sentenced to a lesser term in certain circumstances. *See generally People v. Superior Court (Kaulick),* 215 Cal.App.4th 1279, 1292, 155 Cal.Rptr.3d 856 (2013);

*People v. Yearwood,* 213 Cal.App.4th at 167, 151 Cal.Rptr.3d 901.

Specifically, Petitioner asserts that he is entitled to resentencing because the robbery he committed did not involve force or injury to the victim. (*See* Petition at 5.) However, Petitioner's claim presents no federal question because it involves the application or interpretation of state law. *See Swarthout v. Cooke,* 131 S.Ct. at 862–63 (the Supreme Court has "long recognized that a mere error of state law is not a denial of due process" and the same rule applies to the deprivation of a state-created liberty interest).

▮ Although Petitioner attempts to "federalize" his purely state law claim by citing an Eleventh Circuit case involving circumstances under which robbery may be used as a strike under the federal "Three Strikes Law" (*see* Petition at 5 [citing *United States v. Gray,* 260 F.3d 1267 (11th Cir.2001) ] ), it is settled that a litigant "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law ..." *Caterpillar v. Williams,* 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *accord Poland v. Stewart,* 169 F.3d 573, 584 (9th Cir.1999) ("A petitioner may not 'transform a state law issue into a federal one merely by asserting' " a federal constitutional violation (quoting *Langford v. Day,* 110 F.3d 1380, 1389 (1996)); *see Lacy v. Lewis,* 123 F.Supp.2d 533, 551 (C.D.Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due process claims")); *Little v. Crawford,* 449 F.3d 1075, 1083 n. 6 (9th Cir.2006) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state

court on state law would come here as a federal constitutional question."); *see also Cooper v. Supreme Court of California,* 2014 WL 198708, at \*2 (C.D.Cal. Jan. 16, 2014) (rejecting as noncognizable petitioner's federal due process challenge to state court's denial of his application for resentencing under the Three Strikes Reform Act); *Johnson v. Spearman,* 2013 WL 3053043, at \*2 (C.D.Cal. June 10, 2013) (same).

Accordingly, the within Petition should be dismissed.

### RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting the findings of the Report and Recommendation; and (2) directing that Judgment be entered dismissing the Petition with prejudice.

DATED: May 14, 2014.

